**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
Katherine L.M. Mola, SBN 264625
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

Attorneys for Defendants
DIGNITY HEALTH, fka CATHOLIC HEALTHCARE WEST, DIGNITY HEALTH MEDICAL FOUNDATION (erroneously sued as MERCY MEDICAL GROUP); SHELLEY NOYES (erroneously sued as SHELLY), DEDRA BOUCHARD and A.C. SAECHAO (erroneously sued as SAECHOU)

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. SCHALDACH, fka LINDA M. LOWRY,<br><br>Plaintiff,<br><br>v.<br><br>DIGNITY HEALTH, et al.,<br><br>Defendants. | No. 2:12-CV-02492-MCE-KJN<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed: July 26, 2012 |

Plaintiff LINDA M. SCHALDACH and Defendants DIGNITY HEALTH, DIGNITY HEALTH MEDICAL FOUNDATION (erroneously sued as MERCY MEDICAL GROUP), SHELLEY NOYES (erroneously sued as SHELLY), DEDRA BOUCHARD and A.C. SAECHAO (erroneously sued as SAECHOU), by and through their undersigned counsel, and subject to the approval of the Court, stipulate to the following Protective Order, as set forth below:

This lawsuit arises out of the termination of Plaintiff LINDA SCHALDACH's employment with DIGNITY as a Medical Office Receptionist I. As a Medical Office Receptionist I, Plaintiff was exposed to confidential information about DIGNITY's patients. Plaintiff was terminated in July 2011 for alleged violations of the Health Insurance Portability and

1
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

{01082765.DOC}

Accountability Act (HIPAA) and DIGNITY's Network Usage Policy that occurred while she was accessing patient information. Plaintiff disputes that her termination was for these performance-based reasons. Instead, Plaintiff contends that she was terminated because of, among other reasons, her age and disability in violation of federal and California anti-discrimination statutes.

The parties acknowledge and agree that certain deposition testimony and potentially discoverable documents in this case will contain confidential information regarding non-parties, including non-party DIGNITY patients and current and former employees. This information is integral to proving or disproving that Plaintiff was terminated and subjected to other disciplinary actions for the reasons alleged by the parties. Without a protective order in place, if such information is required to be produced in discovery, it may run afoul of privacy rights guaranteed under the United States Constitution, HIPAA, the California Evidence Code, and Article I, Section 1 of the California Constitution.

Subject to and without waiving any statutory or Constitutional privileges or objections to the admissibility or discoverability of any testimony, information or documents produced in connection with this Order, the parties stipulate that access to and use of such testimony, documents, and information shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court, pursuant to Federal Rules of Civil Procedure 26(c). This Stipulated Protective Order shall also apply to all copies, extracts, and summaries of designated documents.

## I.

## DESIGNATION OF CONFIDENTIAL DOCUMENTS

A. "Confidential" materials shall be all documents that are handwritten, typewritten, printed, photostated, photographed, photocopied, transmitted by electronic mail or facsimile, and recorded by every means upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, and any records thereby created regardless of the manner in which the record has been stored, which contain confidential and private information pertaining to any current or former DIGNITY HEALTH patient, and/or third persons who are not parties to this suit. Any document designated as

"Confidential" by a party producing that document shall, without more, subject that material to the provisions of this Stipulated Protective Order.

B.   The scope of this Stipulated Protective Order is limited to the following categories of documents which may or may not be subject to discovery:

1. Documents related to Plaintiff's access to patient-related information for her current or former family members, including Patient Access Reports, documentation regarding whether Plaintiff's family members authorized her to obtain or access their records, messages sent by Plaintiff to her family members' medical providers regarding her family members, and any other report or document that reflects whether Plaintiff accessed her family members' records.

2. Private third party personnel information regarding current or former DIGNITY HEALTH employees.

C.   Any document may be designated as "Confidential" upon a good faith determination by a party that the document falls within the purview of one of the specified categories of protected documents by stamping or affixing the word "CONFIDENTIAL" on the face of the document.  Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container as appropriate.

D.   A party producing a "Confidential" document may redact any private information which may be affected by dissemination of the "Confidential" document.  Redactions shall be made by such method that the masking of any text is readily apparent to persons reviewing the "Confidential" document, and the document shall also be marked "Redacted."  Furthermore, the redaction shall be documented in a privilege log.

E.   Any party may designate material as "Confidential" after production, only under the following conditions:

1. The party to whom such documents have been produced must be advised in writing of the new designation;

2. The new designation applies only as of the date and time of receipt of notice by the party notified;

3. The party to whom such documents have been disclosed must be provided with another copy of the documents that bears the new and correct designation;

4. The party to whom such documents have been produced must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II.

## RESTRICTIONS REGARDING CONFIDENTIAL DOCUMENTS

A. No "Confidential" documents produced by any party shall be used for any purpose other than the litigation, preparation for, and trial of this case.

B. There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

1. The parties to the case, including current employees, officers, or directors of a corporation or entity party responsible for assisting counsel in the litigation and who have a reasonable need to know the contents of the "Confidential" documents;

2. The parties' attorneys, and the attorneys' staff, including, but not limited to, outside copy service personnel;

3. Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case; and

4. The court or other officer who presides over any proceeding in the case, and to court reporters as necessary.

C. If a party wishes to file a "Confidential" document with the court, the party must seek to do so under seal in compliance with Local Rule 141.

D. Disclosure

1. Other than the parties' attorneys, any person to whom Confidential documents or their information are to be disclosed shall be provided and required to read a copy of this

Stipulated Protective Order before disclosure of such information to that person. The person must agree to abide by the terms of this Stipulated Protective Order by executing a non-disclosure agreement in the form of Attachment A, that acknowledges that the person has reviewed the Stipulated Protective Order, that the person understands the Stipulated Protective Order, and that the person agrees to abide by the Stipulated Protective Order, and by providing the signed agreement to counsel who intends to make such disclosure. Counsel for each party shall maintain a list of the names of all persons to whom he, she, or they have disclosed Confidential documents or the information contained therein, and shall, upon three business days notice, produce to any other party copies of such agreements for inspection and copying.

2. Whenever, during the course of a deposition, "Confidential" documents or information are utilized by the examining attorney, only those persons permitted access to such documents pursuant to this Stipulated Protective Order shall be present at the deposition. Counsel for the party noticing the deposition shall instruct the court reporter that he or she is to ensure that all exhibits containing "Confidential" exhibits are labeled prominently as "CONFIDENTIAL," and that originals or copies of such "Confidential" exhibits may be released to no one except counsel for the parties.

3. Any party to this Stipulation may designate testimony given during a deposition as "Confidential" via the party's counsel making a statement on the record before or during the testimony that is "Confidential" and subject to this stipulation and order. The portions of a deposition which contain "Confidential" testimony shall be prepared by the court reporter in a separate transcript.

### III.

### GENERAL

A.   The terms of this Stipulated Protective Order shall be binding on all parties from the time that all parties' counsels have signed the Stipulation, even if the Court has not signed the Order.

B.   This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all parties.

C.  Any party for good cause may apply to the court to challenge a designation made by any other party, or to reveal information that the producing party has redacted, after an attempt has been made to meet and confer over the issue. Upon such a request to the court to challenge the designation made, the court shall first review the documents and determine whether the designation is appropriate. The parties shall comply with this Stipulated Protective Order unless the court orders otherwise.

D.  The party designating material as "Confidential" may waive any of the provisions of this Stipulated Protective Order in writing.

E.  The parties agree that they will meet and confer with the court as necessary about the handling of material designated by any of the parties as "Confidential," produced pursuant to this Stipulated Protective Order for trial purposes. Nothing herein shall be construed as a concession by any party that its presentation at trial of evidence relevant to its claims or defenses should be restricted in any manner.

F.  This Order shall be without prejudice to present a stipulation or motion to the court under Federal Rules of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those as specified herein. This shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation and Order.

## IV.

## TERMINATION OF THE LITIGATION

A.  Within twenty days after a final unopposed judgment or demand after settlement, all original "Confidential" materials and all copies or portions thereof containing or reflecting information from "Confidential" documents shall be returned to counsel for the producing party.

B.  This Stipulated Protective Order shall survive and remain in full force and effect after the termination of this case and may be enforced as a contract between the parties, or by application to the court for a finding of contempt.

///

///

**IT IS SO STIPULATED.**

Dated: January 2, 2013                              PORTER SCOTT
                                                    A PROFESSIONAL CORPORATION


                                                    By _/s/Katherine L.M. Mola_____
                                                        Nancy J. Sheehan
                                                        Katherine L.M. Mola
                                                        Attorneys for Defendants

Dated: January 2, 2013                              By ___/s/Robert R. Schaldach_____
                                                        Robert R. Schaldach
                                                        [as authorized on 1/2/13]
                                                        Attorney for Plaintiff

**ORDER**

Having reviewed the above Stipulation, considered the applicable law, and good cause appearing, THE COURT ORDERS AS FOLLOWS: *With the alterations described in the two paragraphs below,* the parties' stipulation is approved, with the understanding that it governs relations between the parties and the discovery phase of litigation, and does not predetermine any issues related to the sealing or redaction or retention of documents filed with or otherwise presented to the court.  *See* Local Rules 140, 141.

As to Part III, paragraph C, the provision appears to envision the court completing an *in camera* review of documents anytime the parties disagree about the documents being designated as "Confidential."  Accordingly, the undersigned hereby alters that provision and orders that in the event a party wishes to challenge a designation of "Confidential" made by any other party, or to reveal information that the producing party has redacted, the parties shall meet and confer over the issue.  If the issue is not resolved through meet and confer efforts, the parties shall proceed in compliance with Eastern District Local Rule 251, including but not limited to the filing of a Joint Statement re: Discovery Dispute.  Only after the parties fully comply with Local Rule 251 will the undersigned consider completing an *in camera* review of the documents in question.

As to Part IV, paragraph B, the provision appears to suggest that the court will retain jurisdiction over this matter following the termination of this case.  The undersigned is not inclined to approve a stipulated protective order that might require this court to retain jurisdiction regarding confidential information after the termination of this action.  Accordingly, the undersigned hereby alters that provision and orders that the Stipulated Protective Order shall survive and remain in full force and effect such that it may be enforced as a contract between the parties after the termination of this case, but the court will not retain jurisdiction after the termination of this case.

**IT IS SO ORDERED.**

**Date:  1/7/2013**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**<u>NONDISCLOSURE AGREEMENT</u>**

I, _____, hereby swear that I am fully familiar with the terms and conditions of the Stipulated Protective Order entered in *Linda Schaldach v. Dignity Health et al.*, United States District Court for the Eastern District of California, Case No. 2:12-CV-02492-MCE-KJN, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____                    _____