UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. SCHALDACH, fka LINDA M. LOWRY,<br><br>            Plaintiff,<br><br>      v.<br><br>DIGNITY HEALTH, et al.,<br><br>            Defendants. | No.  2:12-cv-02492-MCE-KJN<br><br>**ORDER** |

Through this lawsuit, Plaintiff Linda M. Schaldach ("Plaintiff") alleges that Dignity Health ("Dignity") and Dignity Health Medical Foundation ("DHMF") wrongfully terminated her employment based on her age, disability and labor union activities.[1]  Plaintiff further alleges that Shelley Noyes, Dedra Bouchard and A.C. Saechao (collectively, "Individual Defendants") unlawfully harassed her because of her age and disability.  Finally, Plaintiff claims that Defendants Dignity and DMG aided and abetted this harassment and terminated her in retaliation for her complaints protesting the harassment.

///

///

---

[1] Defendant DHMF was erroneously sued as Mercy Medical Group.

1

Presently before the Court is Defendants' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (ECF No. 40). For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED in its entirety.[2]

## BACKGROUND[3]

Plaintiff worked as a Medical Assistant at Defendant Dignity's Downtown Clinic from October 1988 to September 1996. In May 2000, Plaintiff returned to the Downtown Clinic as a Medical Assistant and was transferred to the San Juan Clinic in 2001. Plaintiff began work as a receptionist in the San Juan Clinic in December 2005.

In September 2007, Plaintiff submitted a request to reduce her work hours from 40 to 32 per week in order to accommodate her chronic fatigue, myalgia (muscle pain), and myositis (muscle swelling). Defendant Dignity found that Plaintiff was disabled and granted her accommodation request. During her time as a receptionist, Plaintiff customarily worked at the San Juan Clinic's patient check–out desk while other receptionists covered the check-in desks. In September 2010, Defendant Bouchard directed Plaintiff to cover the patient check-in desk for another employee. Plaintiff refused on the basis that she had not checked in patients for the past two years. In refusing Bouchard's directive, however, Plaintiff did not claim that her disability prevented her from covering the check-in desk. ECF No. 55 at 101-102; ECF No. 40-3 at 35-36.

In October 2010, Plaintiff's son had an appointment with a physician's assistant named Rick McGlothlin. Due to an illness, McGlothlin was seen as a patient at the San Juan Clinic, where Plaintiff worked. During that visit, Plaintiff spoke to McGlothlin at the clinic and asked whether her son should reschedule his appointment. After

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[3] The facts contained in this background section are undisputed.

McGlothlin responded affirmatively, Plaintiff called her son and told him to reschedule her appointment because McGlothlin was ill.

    A subsequent investigation revealed that Plaintiff had accessed her family's medical records without going through the proper channels during the previous week. Although Plaintiff had a valid authorization to access her son's health records, Plaintiff's supervisor determined that Plaintiff's revelation of McGlothlin's health information and her use of her resources as an employee to access her son's records violated Defendant Dignity's Health Insurance Portability and Accountability Act ("HIPAA") and Network Usage Policies,.  Plaintiff accordingly received a written warning from her supervisor on December 10, 2010.  The warning expressly indicated that Plaintiff could be terminated for additional violations.  Defendant Saechao, a human resources manager, met with Plaintiff after she received the written warning to explain the seriousness of her violation.

    On June 30, 2011, Plaintiff accessed her father's medical records in violation of Defendant Dignity's HIPAA and Network Usage Policies.  Plaintiff admitted to her supervisor that she had done so and was terminated effective July 28, 2011.  A post-termination audit of her network activity indicated that Plaintiff had also inappropriately accessed her husband's medical records in violation of Defendants' HIPAA and Network Usage Policies.

    Plaintiff filed her Second Amended Complaint (the operative complaint in this action) on June 12, 2013, asserting eight separate causes of action: (1) disability discrimination in violation of the ADA, (2) age discrimination in violation of the ADEA, (3) disability discrimination in violation of FEHA, (4) violation of Labor Code §§ 922-923, (5) age discrimination in violation of FEHA, (6) harassment, (7) retaliation and (8) aiding and abetting discrimination.

///
///
///
///

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication.

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing

4

> that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Id. 87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///

///

# EVIDENTIARY ISSUES

The parties have asked the court to rule on a number of evidentiary requests and objections. In connection with her Opposition to Defendants' Motion for Summary Judgment, Plaintiff filed a request for judicial notice. The parties have also offered numerous exhibits in support of their respective arguments, and have filed multiple objections to one another's evidentiary submissions. Defendants, for their part, timely filed objections to all of Plaintiff's evidence in support of her opposition in conjunction with their reply brief. Plaintiff's objections to evidence Defendants submitted in support of their motion were filed on August 31, 2015, long after Plaintiff was required to file her Opposition on August 6, 2015, and well after the Court took the Motion for Summary Judgment under submission on August 21. ECF No. 52; ECF No. 61.

The Court declines to consider any of the parties' evidentiary objections. Plaintiff's deadline for opposing Defendants' motion was extended to August 6. ECF No. 52. Plaintiff was able to timely file her opposition brief and evidentiary exhibits in support thereof; she made no request for an extension to file her objections to Defendants' evidence. The Court declines to consider objections filed nearly a month after they were due, and over a week after the Court notified the parties that the matter was submitted. ECF No. 61.

The Court also declines the opportunity to rule on Defendants' objections to the evidentiary exhibits Plaintiff submitted in support of her Opposition. The Court has considered every piece of evidence cited by Plaintiff's Opposition and still has determined that Defendants' Motion for Summary Judgment should be granted in its entirety. Defendants' objections are therefore effectively moot.

Finally, the Court denies Plaintiff's Request for Judicial Notice (ECF No. 56). Plaintiff's Request asks the Court to take judicial notice of five documents that Plaintiff claims support her argument that she did not violate HIPAA. However, as explained more fully below, whether or not Plaintiff violated HIPAA itself is not relevant to the

question of whether she violated Defendants' HIPAA and Network Usage Policies. The Court has no obligation to take judicial notice of irrelevant facts and declines to do so here. See U.S. ex rel. Modglin v. DJO Global Inc., 48 F. Supp.3d 1362, 1382 (E.D. Cal. 2014) (declining to take judicial notice of facts not relevant in deciding a motion).

## ANALYSIS

### A. Plaintiff's First and Third Causes of Action for Disability Discrimination

Plaintiff's First and Third Causes of Action assert that she was terminated because of her disability in violation of California's Fair Employment and Housing Act ("FEHA") and the Americans with Disabilities Act ("ADA"). At the summary judgment stage, courts analyze both ADA and FEHA claims under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1242; Curley v. City of North Las Vegas, 772 F.3d 629, 632 (9th Cir. 2014). To prevail on a motion for summary judgment, the defendant employer must show either that the plaintiff-employee cannot establish one of the elements of a prima facie case of disability discrimination or that there was a "legitimate, non-discriminatory reason" for terminating the plaintiff's employment. Lawler, 704 F.3d at 1242. The defendant employer's reason must be "facially unrelated to prohibited bias" and, if true, preclude a finding of discrimination in order to qualify as legitimate and non-discriminatory. Anderson v. Valspar Corp., 2013 WL 552001 at *8 (E.D. Cal. 2013).

If the defendant succeeds in establishing such a legitimate reason for the plaintiff's termination, the burden shifts back to the plaintiff to produce "specific, substantial evidence" that the defendant's purported reason for firing her was pretextual. Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996) (internal quotations omitted). In doing so, the plaintiff must demonstrate "such weaknesses, implausibilities,

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and…infer that the employer did not act for the asserted non-discriminatory reasons." Anderson, 2013 WL 552001 at *8 (E.D. Cal. 2013).

Defendants argue that they terminated Plaintiff for her repeated violations of their HIPAA and Network Usage Policies. This reason is unrelated to prohibited bias and, if true, would preclude a finding of discrimination. Id. Plaintiff responds that her conduct did not constitute a HIPAA violation, and that Defendants have not met their burden of providing a legitimate, non-discriminatory reason for firing her. Plaintiff's argument lacks merit because whether or not she violated HIPAA is irrelevant to her ability to survive summary judgment. Plaintiff was not fired for violating HIPAA itself but for violating Defendant Dignity's HIPAA and Network Usage Policies. ECF No. 40-3 at 66, 72. Plaintiff fails to present any evidence that she did not violate these policies. Even if she had made an argument that she was in compliance with Defendants' policies, that argument would show only that Defendants misinterpreted their policies. It would not show that Defendants' proffered reason for terminating her was pretextual because the relevant factual issue is whether discriminatory animus motivated the employer. Simms v. DNC Parks & Resorts at Tenaya, Inc., 2015 WL 3912150 at *8-9 (E.D. Cal. 2015).

Aside from Plaintiff's argument that she did not violate HIPAA, her opposition completely ignores her burden of presenting specific, substantial evidence that her violations of Defendants' policies were pretextual. The Court need not, and will not, undertake an independent review of the record on Plaintiff's behalf. See Simmons v. Navajo Cnty., Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010). Because Plaintiff has failed to point to any evidence in the record from which a reasonable trier of fact could infer that Defendants' legitimate reason for firing her was pretextual, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's First and Third Causes of Action.

### B. Plaintiff's Second and Fifth Causes of Action for Age Discrimination

Plaintiff's Second and Fifth Causes of Action assert that Defendants Dignity and DMG discriminated against her because of her age in violation of FEHA and the Age Discrimination in Employment Act of 1967 ("ADEA"). The Court must analyze Plaintiff's age discrimination claims under the same burden-shifting framework as her disability discrimination claims. Schechner v. KPIX-TV, 686 F.3d 1018, 1023 (9th Cir. 2012) (explaining that "California applies the McDonnell Douglas burden-shifting framework and other federal employment law principles when interpreting the FEHA."). Accordingly, if Defendants offer a legitimate, non-discriminatory reason for terminating Plaintiff's employment, the burden shifts to Plaintiff to provide specific and substantial evidence that Defendants' reason for firing her was pretextual. Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996).

Here, Plaintiff's repeated violations of Defendants' HIPAA and Network Usage Policies constitute a legitimate, non-discriminatory reason for their decision to terminate Plaintiff. Plaintiff's opposition points to no evidence that this reason was merely a pretext for a discriminatory termination. Plaintiff's failure to satisfy her burden of showing pretext entitles Defendants to summary judgment on Plaintiff's age discrimination claims. The Court therefore GRANTS Defendants' Motion for Summary Judgment as to Plaintiff's Second and Fifth Causes of Action.

### C. Plaintiff's Fourth Cause of Action for Termination Based on Union Activities

Plaintiff's Fourth Cause of Action alleges that she was terminated because management learned that she was "instrumental in organizing" the collective bargaining election which resulted in the SEIU Healthcare Workers' Union becoming the exclusive bargaining agent for Defendants Dignity and DHMF's clinics. Employers are prohibited from discharging their employees because of their membership in a labor union or their participation in union activities. Cal. Labor Code § 923; See generally Escamilla v. Marshburn Bros., 48 Cal. App. 3d 472 (Cal. Ct. App. 1975). To prevail on her Fourth

9

Cause of Action, Plaintiff must show that her termination was primarily motivated by her union activities. Escamilla, 48 Cal. App. 3d at 478.

Defendants argue that there is no evidence linking Plaintiff's termination to her union activities. Plaintiff does not dispute that no one at Defendant Dignity ever forced her to agree to join or not join a union, and does not dispute that any of her write-ups about HIPAA issues had anything to do with her union membership. ECF No. 60-4 at 33-34. Plaintiff attempts to create a disputed issue of fact by asserting that, on the eve of the union representation election in 2006, Defendant Noyes "was weeping, and telling everyone within earshot that voting for the union was a mistake." ECF No. 53 at 15. She claims this is evidence that Defendant Noyes harbored a grudge against her for her purported role in electing the SEIU Healthcare Workers Union to represent Dignity employees as their collective bargaining agent, and that Defendant Noyes acted on this grudge in deciding to fire her. Id. at 16.

These allegations fail to raise a genuine issue of triable fact for at least two reasons. First, Plaintiff fails to provide any admissible evidence whatsoever to support her contention about Defendant Noyes' comments on the eve of the union representation election.[4] Second, Defendant Noyes' alleged comments do not provide evidence that she carried a grudge against Plaintiff from 2006 to 2011, or that Plaintiff was terminated for her union activities. Plaintiff has therefore failed to meet her burden of showing a genuine issue of triable fact on the question of whether Defendants were primarily motivated to fire her due to her union membership. See Escamilla, 48 Cal. App. 3d at 478. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's Fourth Cause of Action.

### D. Plaintiff's Sixth Cause of Action for Harassment

Plaintiff's Sixth Cause of Action alleges that she was harassed by Individual Defendants because of her age and disability in violation of FEHA. ECF No. 24 at 16-

---

[4] While Plaintiff's opposition attempts to support this contention by citing to Plaintiff's declaration, that declaration makes no mention of the 2006 union representation election or any comments by Defendant about the wisdom of union membership. See ECF No. 55 at 99-119.

24, 25-26.  To survive summary judgment as to her harassment claim, Plaintiff must raise a triable issue of fact as to whether she was subjected to unwelcome verbal or physical conduct because of her age or disability and that the conduct was so pervasive and severe that it altered the conditions of her employment and created an abusive working environment.  Juell v. Forest Pharmaceuticals, Inc., 456 F.Supp.2d 1141, 1157.  Isolated incidents and offhand comments do not amount to discriminatory changes in the terms or conditions of employment unless they are extremely serious.  Id.

Plaintiff avers that she was subjected to harassment after she was included on a list of "problem" employees.  ECF No. 24 at ¶ 77.  She argues that the Individual Defendants fabricated her December 2010 HIPAA and Network Usage Policy violation to document a first level of discipline that would eventually lead to her termination.  Id. at ¶¶ 82, 86.  Defendants argue that because Plaintiff has admitted that none of the Individual Defendants made any inappropriate or disparaging comments about her age or disability, she has failed to establish a genuine issue of material fact with respect to her harassment claim.  In response, Plaintiff points to four alleged incidents of unwelcome conduct that created a hostile work environment.

First, Plaintiff points to an email Defendant Bouchard sent in August 2010 advising all the employees in the Department that they would be required to work on Saturdays.  Plaintiff concedes that the email was sent to every employee in the department (ECF No. 55 at Exh. 20), and provides no other evidence showing that Defendant Bouchard sent the email because of her disability.  See Juell, 456 F. Supp. 2d at 1157.  Accordingly, Defendant Bouchard's August 2010 email fails to create a triable issue of fact as to Plaintiff's harassment claim.

Second, Plaintiff points to an email Defendant Bouchard sent in September 2010 reprimanding her for insubordination.  The facts surrounding this email are not in dispute: Defendant Bouchard instructed Plaintiff to work the patient check-in at the front desk in the Family Practice Department on Monday, September 14, 2010.  ECF No. 55 at 101.  On the Monday morning she was expected to work the check-in desk, Plaintiff

explained that she had not done patient check-in for over two years and that another receptionist would need to work the check-in desk. Id. at 101-102. Plaintiff's email did not mention her disability.[5] Id.; ECF No. 40-3 at 186. Defendant Bouchard then repeated her instruction that Plaintiff work the check-in desk. ECF No. 55, Exhs. 19-20. After it came to Defendant Bouchard's attention that Plaintiff had not obeyed her instruction, she informed Plaintiff that she was being insubordinate. Id. Plaintiff admits that that she was never formally disciplined for insubordination. ECF No. 53 at 17.

Even interpreted in the light most favorable to Plaintiff, the Court cannot characterize Defendant Bouchard's September 2010 emails as acts of harassment. Criticisms and accusations of poor performance are personnel management decisions and do not, standing alone, constitute harassment. Rubadeau v. M.A. Mortenson Co., 2013 WL 3356883 at *7 (E.D. Cal. 2013). Furthermore, Plaintiff does not point to any evidence that Defendant Bouchard sent the email because of her disability or age.

Third, Plaintiff points to her inclusion on a list of problem employees who Defendant Bouchard allegedly stated needed to be "managed up or out." Id.; ECF No. 55 at Exh. 16, p. 78. Plaintiff's mere inclusion on this list did not subject her to unwelcome physical or verbal conduct because Bouchard allegedly made this comment to Tracy Bertoli during a meeting in which Plaintiff was not present. ECF No. 55 at 107. Furthermore, Plaintiff fails to point to any evidence that Defendant Bouchard included her on the list because of her age or disability.[6] Id. Accordingly, Plaintiff's alleged inclusion on a list of "problem employees" cannot create a genuine issue of triable fact with respect to her harassment claim.

---

[5] Plaintiff later submitted a physician's note indicating that she could not work the check-in desk due to her disability on January 26, 2011. ECF No. 40-3 at 39, 189; ECF No. 60-4 at 12 (Undisputed Material Fact No. 25).

[6] Plaintiff does observe that the employees on the list had some form of medical issue, ADA accommodation, or Family and Medical Leave Act authorizations. ECF No. 55 at Exh. 20, 107. But Plaintiff does not include any evidence that the employees were included on the list because of these reasons, and her mere speculation about Defendant Bouchard's alleged motives cannot create a genuine issue of triable fact with respect to the list. See Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 345 (explaining that "conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.")

Finally, Plaintiff argues that Defendant Bouchard made comments during an interview for a different position that left her with the "impression" that she was not wanted in that position. ECF No. 53 at 18. Defendant Bouchard admits that during this interview, she told Plaintiff that her "inability and refusal to do all the tasks of the position would create more work for her potential colleagues" and that this could result in numerous grievances being filed. ECF No. 40-1 at 6. Plaintiff's impression that she was not wanted in the position is not credible, however, given the undisputed evidence that she was actually offered the job. ECF No. 60-4 at 23 (Undisputed Material Fact No. 61).

Defendant Bouchard's comment about Plaintiff's inability to perform tasks in accordance with the position does appear to have been made because of Plaintiff's disability. Nevertheless, this isolated comment does not rise to the level of harassment because it was not so severe as to create an abusive working environment. See Juell, 456 F. Supp. 2d at 1157 (holding that isolated incidents do not discriminatorily change the terms or conditions of employment unless they are extremely serious). No reasonable juror could find that this isolated comment would seriously affect a reasonable employee's work performance or psychological well-being. See Beyda v. City of Los Angeles, 65 Cal. App. 4th 511, 517 (Cal. Ct. App. 1998); see also Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 611-612 (surveying cases in which isolated instances of harassment were found not to constitute a hostile work environment).

Taken together, Plaintiff's evidence shows nothing more than that she was subjected to a single instance of unwelcome verbal conduct by Defendant Bouchard. She cannot establish a genuine issue of triable fact that this isolated comment was so severe that it altered the terms and conditions of her employment. Furthermore, Plaintiff's opposition focuses exclusively on Defendant Bouchard's actions, and her Opposition points to no evidence of any kind that Defendants Noyes or Saechao ever subjected her to unwelcome conduct because of her age or disability. See ECF No. 53 at 16-18. Accordingly, the Court GRANTS Defendants' motion for summary judgment as

1 to Plaintiff's Sixth Cause of Action.

### E. Plaintiff's Seventh Cause of Action for Retaliation

Plaintiff's Seventh Cause of Action alleges that she was terminated in retaliation for complaining that Defendant Bouchard was harassing her. It is unlawful for an employer to discriminate against an employee because the employee has opposed a practice made illegal by the ADEA, the ADA, or FEHA. Cal. Gov't Code § 12940(h); 29 U.S.C. § 623(d); 42 U.S.C. § 12203. In order to establish a prima facie case sufficient to avoid summary judgment on her retaliation claim, Plaintiff must point to evidence that she engaged in protected activity, was thereafter subject to an adverse employment action, and that her engagement in the protected activity was the cause of the adverse employment action. Yeager v. Corrections Corp. of America, 944 F. Supp. 2d 913, 930 (E.D. Cal. 2013); O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 763 (9th Cir. 1996); Pardi v. Kaiser Foundation Hospitals, 389 F.3d 840, 849 (9th Cir. 2004). The same burden-shifting framework used to analyze discrimination cases is applied to retaliation cases. See Pardi, 389 F.3d at 850 (applying burden-shifting framework in the context of an ADA retaliation claim). Thus, if Defendants make an initial showing that Plaintiff cannot establish one of the elements of her retaliation claim, the burden shifts to Plaintiff to show that there is a triable issue of material fact regarding her prima facie case. Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1242 (9th Cir. 2013).

Defendants argue that Plaintiff has failed to show a causal link between her termination and her complaint to Defendant DHMF's hotline because the warning for her first HIPAA and Network Usage Policies violation occurred before she called to complain that she was being harassed and discriminated against. Although her termination occurred after she made her complaint, she was terminated in response for her second violation of company policy. Given that she had already been warned and informed that she was not supposed to access patient records without going through the proper procedures, Defendants argue that Plaintiff must come forward with evidence to show

that her second HIPAA violation was somehow orchestrated to retaliate against her for complaining about discrimination and harassment.

Plaintiff's opposition does not address Defendant's argument or point to any evidence that establishes a causal link between her termination and her complaint. Accordingly, there is no genuine dispute of material fact regarding Plaintiff's retaliation claim. The Court therefore GRANTS Defendants' motion for summary judgment as to Plaintiff's Seventh Cause of Action.

### F. Plaintiff's Eighth Cause of Action for Aiding and Abetting a Violation of FEHA

Plaintiff's Eight Cause of Action alleges that Defendants Dignity and DMG aided and abetted the Individual Defendants' harassment of her in violation of California Government Code section 12940(i). For Plaintiff to succeed on this cause of action, she must show that (1) she was subjected to discrimination, harassment or retaliation; (2) that Defendants Dignity and DMG knew that the Individual Defendants' conduct violated FEHA; and (3) that Defendants Dignity and DMG gave the Individual Defendants "substantial assistance or encouragement" to violate FEHA. Alch v. Superior Ct., 122 Cal. App. 4th 339, 388 (Cal. Ct. App. 2004).

Because Defendants are entitled to summary judgment on Plaintiff's discrimination, harassment and retaliation claims, there is no genuine dispute of material fact regarding her claim that Defendants Dignity and DMG violated California Government Code section 12940(i). Accordingly, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's Eighth Cause of Action.

///
///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 40) is GRANTED as to all claims. The Clerk of Court is directed to enter judgment in favor of Defendants and close the case.

IT IS SO ORDERED.

Dated: October 5, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT